UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-26(20) (JRT/JSM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | GOVERNMENT'S POSITION ON SENTENCING |
| SHELBY GENE BOSWELL, | |
| Defendant. | |

COMES NOW the United States of America, by and through its undersigned attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, and Steven L. Schleicher and Andrew R. Winter, Assistant United States Attorneys, and submits the following position on sentencing.

The defendant pled guilty to Assault in Aid of Racketeering in violation of Title 18, U.S.C. Sections 1959(a)(3) and 2. In Defendant's plea agreement, the parties anticipated a guideline range of imprisonment of 51 to 63 months and agreed to jointly recommend a sentence of 60 months. The PSR concluded that the guidelines range was 57 to 71 months imprisonment.[1] PSR ¶ 272. The Government asks the Court to impose a sentence of 60 months imprisonment and, consistent with the agreement of the parties, agrees that the Court should adjust this sentence for the period of imprisonment already served in state prison if that period will not be credited by the Bureau of Prisons.

---

[1] The plea agreement and PSR guideline calculations differ because the plea agreement contemplated a criminal history category II, while the PSR found category III. PSR ¶ 274.

Discussion

The Court must determine what constitutes a reasonable sentence as guided by the factors of Title 18, United States Code, Section 3553(a).  As a first step, the Court must determine the applicable Sentencing Guidelines.  Although the Guidelines are advisory, the Court must "remain cognizant of them throughout the sentencing process."  Gall v. United States, 552 U.S. 38, 50 n.6 (2007).  Indeed, a court may "'rest [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case' if the court finds that the case before it is typical."  United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 357 (2007)).  In addition to considering the Guidelines, Section 3553(a) requires the Court to analyze a number of factors, including the nature and circumstances of the offense, the history and circumstances of the defendant, the need for the sentence to reflect the seriousness of the offense, the need for deterrence, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted disparities.  18 U.S.C. § 3553(a).

The Nature and Circumstances of the Offense

On July 10, 2010, J.H. was knocking on the door to his father's home in Cloquet, Minnesota, when a group of ten to fifteen individuals, including Defendant, pulled up in two vehicles.  PSR ¶138.  The group exited the cars carrying bats, boards and other items and proceeded to assault J.H., his father and his girlfriend.  *Id.*  Defendant was observed assaulting the victims with a baseball bat.  *Id.*  He admits to hitting J.H. in the face with the bat, which inflicted serious bodily injury to J.H., and causing bodily injury to the

other two victims. PSR ¶ 140. Witnesses to the assault heard the attackers yelling "Native Mob" as the victims were beaten and several of the assailants were dressed in red and black clothing – the colors of the Native Mob.

J.H. was taken by ambulance to a Duluth hospital for his injuries, including a nasal fracture, lacerations to his left eyebrow and his scalp, contusions to his left arm and right hand, and abrasions to both hands. *Id.* The scalp laceration required staples, and the eyebrow laceration required sutures. *Id.* J.H.'s father sustained a swollen and cut lip. *Id.*

At a Native Mob council meeting later that evening, Defendant boasted to other enterprise members about this attack. PSR ¶ 134. Defendant can be heard stating *"[w]e fucked up this nigga J.H., we brutalized that nigga. I am the only one that got away. Romney, Nick, Stephan are in jail. It was really my fault 'cause I popped it off."* *Id.* Defendant was arrested for the assault on July 11, 2010. PSR ¶ 138. At the time of his arrest, Defendant was wearing Native Mob clothing and jewelry. *Id.* On June 20, 2011, Defendant discussed the assault with his brother during a recorded prison call. PSR ¶ 139. Defendant said, *"I fucked three people up with a bat. Split one of those fag boys shit on his head. Dang chasin' them one-handed with a bat. Hitting them one-handed man. I was fucked up. I was in the woods, the cops were looking for me."* *Id.* Additionally, as part of his plea, the Defendant admitted the attack was motivated – in part – to intimidate members of a rival gang and to maintain or further his position within the Native Mob.

The Criminal History of the Defendant

According to the PSR, Defendant's gang activity with the Native Mob began around 2006. PSR ¶ 255. The PSR describes Defendant's contacts with the criminal justice system as a juvenile which included adjudications for damage to property and disorderly conduct plus several other arrests. PSR ¶¶ 237-242.

As an adult, on October 6, 2010, Defendant pleaded guilty to two felony counts of second-degree assault (the conduct underlying the federal offense of conviction). PSR ¶ 243. While in state custody for this conduct, however, Defendant incurred disciplinary reports for possessing weapons (twice), disorderly conduct, assault, staff assault (twice), use of intoxicants (twice), possession of drugs, possession of contraband, interference with security procedures, and being in an unauthorized area. *Id.* Additionally, on October 18, 2010, Defendant pleaded guilty to misdemeanor fifth-degree assault. PSR ¶ 244. While in custody for this offense, Defendant assaulted another inmate. *Id.*

The Characteristics of the Defendant

Defendant's characteristics present few mitigating factors. Both Defendant and his mother indicated that he had a positive upbringing. PSR ¶ 250–51. Although Defendant's biological father was murdered when Defendant was two years old, Defendant's *de facto* stepfather has supported him and has been a presence in his life. *Id.* Defendant is in good physical condition and has no history of mental and emotional health issues. PSR ¶ 256–58. He has used alcohol and drugs since age 13 or 14 and was in and out of treatment centers from 2006 to 2008. PSR ¶ 259–63. Defendant attended

several schools between 2008 and 2010 and was last in the tenth grade with a few credits earned.  PSR ¶ 264.

A sentence of 60 months is reasonable as it appropriately balances the nature and circumstances of the offense, the defendant's criminal history and the characteristics of the defendant.  Sixty months imprisonment would serve the needs of sentencing to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence, protect the public from further crimes of the Defendant, and avoid unwarranted sentencing disparities among defendants.  As discussed above, Defendant, as a member of a dangerous criminal enterprise, committed an unprovoked violent offense to further his position within the gang and to intimidate rival gang members.   Defendant has a lengthy criminal history involving violent behavior similar to that in the instant offense, and his personal characteristics present few, if any, mitigating factors.  The Government believes that under the circumstances of this case, a sentence of 60 months represents a fair and just sentence.

Dated:  December 28, 2012                                          Respectfully submitted,

                                                                                          B. TODD JONES
                                                                                          United States Attorney

                                                                                          *s/ Andrew R. Winter*

                                                                                          BY: ANREW R. WINTER
                                                                                          Assistant United States Attorney
                                                                                          Attorney ID No. 232531